**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Estate of Noe Mejia; Minor Child R.M.; and Minor Child A.M., | No. CV-24-0492-TUC-JCH (EJM) |
| Plaintiffs, | **ORDER** |
| v. | |
| Markwayne Mullin, Secretary, United States Department of Homeland Security, *et al*., | |
| Defendants. | |

Currently pending before the Court is Defendants Markwayne Mullin, Adam Buttice, Airam Valdez, and Andrew Victory (collectively "Defendants") Notice of Substitution (Doc. 44) and Motion to Extend Defendants' Deadline to Answer or Otherwise Respond to Plaintiffs' First Amended Complaint (Doc. 45).

## 1. Notice of Substitution

The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 2679(b)(1); 28 U.S.C. § 1346(b). "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court

shall be deemed an action against the United States[,] . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The Attorney General has designated his certification authority to the United States Attorneys and any Directors of the Civil Division's Tort Branch. 28 C.F.R. § 15.4(a), (b).

The District of Arizona's Civil Chief has certified that the individual defendants, Alejandro Mayorkas, Adam Buttice, Airam Valdes, and Andrew Victory were acting within the scope of their federal office or employment at the time of the incidents giving rise to Plaintiffs' claims. *See* Notice (Doc. 44), Exhs. 1–4. Accordingly, the United States of America will be substituted as the proper defendant for these four (4) individuals and the caption modified accordingly.

**2. Motion for Extension of Time**

Defendants seek a sixty (60) day extension of time to answer or otherwise respond to Plaintiffs' FAC (Doc. 8). *See* Mot. for Ext. of Time (Doc. 45). Plaintiffs oppose an extension of time longer than thirty (30) days. *See* Pls.' Response in Opp. (Doc. 46). Plaintiffs urge that "[t]he burden on any single Assistant United States Attorney does not establish that the Office, as the Defendant's counsel, needs sixty days rather than thirty to prepare a response to a complaint that has been on file for a year and a half." *Id*. at 46. The Court is aware, however, that the burdens on each of the AUSAs working in the District of Arizona are such that there is scant room for reallocation. Aside from the criminal case load carried in this district, there has been a drastic increase in the number of immigration habeas cases that the United States Attorney's Office is tasked with defending. The Court will grant the full sixty (60) day extension requested. The Court shares Plaintiffs' concern, however, regarding the length of time this case has been pending. As such, it will be disinclined to consider further extensions.

Accordingly, IT IS HEREBY ORDERED that Defendants' Notice (Doc. 44) is GRANTED and the United States of America is substituted for the individual Defendants Markwayne Mullin, Adam Buttice, Airam Valdez, and Andrew Victory.

IT IS FURTHER ORDERED that the caption shall be modified to reflect this change.

IT IS FURTHER ORDERED that Defendants' Motion for Extension of Time (Doc. 45) is GRANTED.  Defendants shall answer or otherwise respond to Plaintiffs' FAC (Doc. 8) **on or before September 29, 2026**.

Dated this 29th day of July, 2026.

Eric J. Markovich
United States Magistrate Judge